UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHILLY PANDA MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| vs. | ) | No. 1:17-cv-01544-TWP-DML |
| | ) | |
| BRITT INTERACTIVE LLC, | ) | |
| TOWNEPOST NETWORK, INC., and | ) | |
| TOM BRITT, | ) | |
| | ) | |
| Defendants/Counterclaimants/ | ) | |
| Third Party Claimants, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DANN VELDKAMP and JODY | ) | |
| VELDKAMP, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

## Report and Recommendation on Motion to Remand

The Honorable Tanya Walton Pratt referred for a report and recommendation by this Magistrate Judge a motion to remand filed by plaintiff Chilly Panda Media, LLC. The Britt Defendants (Britt Interactive LLC, TownePost Network, Inc., and Tom Britt) oppose the motion. As addressed below, the Magistrate Judge recommends that the District Court GRANT the motion (Dkt. 26) and remand this matter to Johnson Superior Court No. 1.

**I.     The case was removed based on federal question jurisdiction.**

This case was filed in Johnson Superior Court on August 22, 2016. It concerns the parties' rights and liabilities with respect to community magazines or newsletters published about and for the communities of Center Grove, Indiana and Greenwood, Indiana.

While in state court, the parties engaged in discovery, moved for preliminary injunctive relief, had a multi-day evidentiary hearing on preliminary injunction motion(s), obtained a preliminary injunction, and filed contempt motions against each other for allegedly violating the preliminary injunction. The state court record included with the Britt Defendants' notice of removal is more than 800 pages in length.

In February 2017 in state court, Chilly Panda moved to amend its complaint, and the court held a hearing on that motion in April. On April 28, 2017, the state court granted the motion to amend in part (*see* Dkt. 1-2). The new complaint included claims arising under federal laws. Based on the new assertion of federal causes of action, the Britt Defendants removed the action to this court on May 10, 2017. Nearly immediately, Chilly Panda moved to dismiss with prejudice its ostensible federal causes of action—Count I alleging "Federal Trademark Infringement" and Count XIII alleging a violation of the federal "Stored Communications Act." That motion was granted. Also nearly immediately, Chilly Panda moved to remand this case because there no longer is a federal cause of action and the court should decline to continue to exercise supplemental jurisdiction

under 28 U.S.C. §1367 over the state law causes of action. *See, e.g., RWJ Mgmt. Co. v. BP Products North America, Inc.,* 672 F.3d 476, 478 (7th Cir. 2012) ("When federal claims drop out of the case, leaving only state-law claims, the district court has broad discretion to decide whether to keep the case or relinquish supplemental jurisdiction over the state-law claims.")

The Britt Defendants oppose the motion to remand on the grounds that (1) Chilly Panda's claim for copyright infringement is a federal cause of action over which the court has federal question jurisdiction under 28 U.S.C. § 1331 and (2) even if that's not so, the court should retain supplemental jurisdiction of the state law claims because the court presides over another case (*Britt Interactive LLC et al. v. A3 Media LLC, et al.,* Case No. 1:16-cv-2884-TWP-DML) which raises nearly identical legal issues as this one, and thus this court is "uniquely qualified" to resolve this lawsuit. *See* Dkt. 42 at p. 2.

As addressed below, the court rejects both of these arguments.

II. **The copyright claim is about actions allegedly in violation of the parties' rights and obligations under a contract.**

The Britt Defendants contend that Count IV of Chilly Panda's amended complaint, titled "Copyright Infringement," is an action under the federal Copyright Act, even though Chilly Panda states it is not seeking relief under federal law and there is no federal copyright registration or application by either the plaintiff or the defendants concerning "the names at issue." Whether this claim alleging "copyright infringement" arises under the federal Copyright Act even though the plaintiff says it does not requires the court to apply the *Harms* test, an opinion by Judge Friendly

for the Second Circuit Court of Appeals: *T. B. Harms Co. v. Eliscu,* 339 F.2d 823 (2nd Cir. 1964). The Seventh Circuit applies the *Harms* test, which holds that "controversies about contracts that allocate ownership of copyrights arise under the contract, not the copyright laws." *Affymax, Inc. v. Ortho-McNeil-Janssen Pharmaceuticals, Inc.,* 660 F.3d 281, 284 (7th Cir. 2011). Thus, when the gravamen of the parties' dispute is about how their contract resolves "who owns what," then there is no federal question jurisdiction because the dispute is about a contract, and any copyright (or other intellectual property) claims "are entirely derivative of the contract issues." *International Armor & Limousine Co. v. Moloney Coachbuilders, Inc.,* 272 F.3d 912, 915-16 (7th Cir. 2001).

This case is all about "who owns what" arising out of written License Agreements between plaintiff Chilly Panda and defendant Britt Interactive (which later assigned its rights and liabilities under the License Agreements to defendant TownePost). The very heart of the disputes—both on the plaintiff's complaint and on the defendants' counterclaim and third-party claims—is the extent of each side's rights to community newsletter or magazine publications, including the names of those publications, as governed by the License Agreements. Chilly Panda alleges, among other things, that the License Agreements gave it ownership of the newsletters and magazines and an exclusive license to use certain names for the publications (and to prevent others, like the defendants) from using those same names. *See* Amended Complaint, Dkt. 1-3 ¶¶ 8-9, 24-25, 29, 40-41. Indeed, Chilly Panda's denominated "Breach of Contract" claim includes allegations about the very

4

things that are the gravamen of the copyright claim.  *See id.,* ¶¶ 101-102 (alleging that the Britt Defendants' publishing of magazines without Chilly Panda's consent, use of Chilly Panda's property without its consent, attempting to transfer to TownePost rights or ownership belonging to Chilly Panda, and engaging in the various acts to carry out a Franchise Conversion Scheme constitute breach of the License Agreements for which the Britt Defendants allegedly are jointly and severally liable).

Because Chilly Panda's copyright claim depends on resolving how the License Agreements should be applied to determine who owns what, the court determines that the copyright claim arises out of state contract law, and not federal copyright law.  Count IV of Chilly Panda's amended complaint does not provide a basis for the court to exercise federal question jurisdiction.

Because there is no extant federal cause of action in the plaintiff's amended complaint, this court must decide whether to retain supplemental jurisdiction over the state law claims, or remand.

### III.     The court should relinquish supplemental jurisdiction.

The court has subject matter jurisdiction over this case even though Chilly Panda promptly dismissed its federal causes of action nearly immediately after the Britt Defendants removed.  *See Prince v. Rescorp Realty,* 940 F.2d 1104, 1105 n.2 (7th Cir. 1991).  The court's subject matter jurisdiction is determined at the time of removal.  *Id.*

When subject matter jurisdiction depends on federal question jurisdiction under 28 U.S.C. § 1331 and the federal causes of action drop from the case (either voluntarily by the plaintiff or involuntarily on a Rule 12 or 56 motion), the court must decide whether to relinquish its supplemental jurisdiction over the state law claims that remain. Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction" over state law claims if the court "has dismissed all claims over which it has original jurisdiction." As the Seventh Circuit has repeatedly stated, there is a *presumption* that a district court will relinquish jurisdiction when federal claims are dismissed before trial. *E.g., RWJ Mgmt.*, 672 F.3d at 479. The court should consider "judicial economy, convenience, fairness, and comity" when deciding whether to relinquish jurisdiction. *Id.* These factors weigh in favor of remand.

This case has received significant attention on its merits by the state court judge. In contrast, the only judicial resources this court has expended was in deciding competing motions about whether the Britt Defendants were permitted to answer the amended complaint or should suffer default and in deciding this remand motion. There is nothing about the court's work on this case that favors its retention.

As the Britt Defendants concede, their judicial economy, convenience, and fairness arguments are all based on the court's jurisdiction over another case—the *A3 Media* case, which raises legal claims, and an apparent factual predicate, substantially like ones raised here. The court's work on the *A3 Media* case has been

extensive, but none of the work has involved the merits of any legal claim that exists in this case. In *A3 Media,* the court has presided over settlement conferences, extended (on motion for which no opposition was filed) the term of a temporary restraining order that was entered in state court, decided discovery battles and sanctions motions, and conducted a hearing on a motion for contempt of the TRO. None of the court's work has involved a construction of the License Agreements, which are at the core of the parties' dispute. Indeed, this court is not "uniquely qualified" to decide the legal issues in this case. It is only the state court that has actually ever broached the resolution of those legal issues through decisions on preliminary injunction motions.

Chilly Panda has alleged that the Britt Defendants are liable to it under about ten different state law theories. There is no need for this court in this case to intrude on the state court's greater expertise in applying its own laws. As the Seventh Circuit remarked in *RWJ Mgmt.,* the presumption in favor of relinquishing supplemental jurisdiction "'should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law.'" 672 F.3d at 479 (quoting *Khan v. State Oil Co.,* 93 F.3d 1358, 1366 (7th Cir. 1996)).

In summary, this court's work in the *A3 Media* case is not substantial enough to overcome the presumption that supplemental jurisdiction should be relinquished.

## Conclusion

For the foregoing reasons, the Magistrate Judge recommends that the District Judge GRANT the plaintiff's motion to remand (Dkt. 26) and remand this matter to the Johnson Superior Court.

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections within 14 days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure. The parties should not anticipate any extension of this deadline or any other related briefing deadline.

IT IS SO RECOMMENDED.

Dated: August 11, 2017

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system